Parker, J.
The plea allowed in this case neither amounted to a payment of the bond, nor offered a legal excuse for not paying it.
The supplemental paper was no release to the principal, and consequently at law was no release to the surety. It cannot be pretended that the principal, by indorsing on the bond a promise to pay interest from the date, was discharged from his previous obligation. Thou it was no discharge of the surety; for I conceive that, at law, nothing which does not discharge the principal can discharge the surety; unless it affects the obligation itself, by erasure or alteration in a material part, with the consent of the principal, but without the assent of the surety. And this was the ground of the decision of Davey &c. v. Prendergrass, 5 Barn. & Ald. 187. 7 Eng. C. L. Rep. 62.
The case of Miller v. Stewart, 9 Wheat. 680. may be good law, but I conceive it does not apply here. There the recital in the condition of the bond stated a special appointment, and the sureties only bound themselves for the principal’s discharging the duties of “ the said appointment.” The court thought the alteration in the instrument, by adding another township, was a new and different appointment, and so not covered by the condition of the obligation. As the alteration was in the appointment, and not in the bond, I presume, upon the reasoning of the court, they would have held the principal, as well as the surety, absolved from liability by virtue of that bond.
I am for reversing the judgment, and sending the cause back, with directions to disallow the plea, and to permit the defendants to plead anew.
*626 Brockenbrough, J.
I am decidedly of opinion that the additional obligation executed by the defendant Robert Hemphill was no release of the obligation previously executed by the said Hemphill, Points and Tapp, and that neither the principal obligor nor his sureties were thereby discharged from their said obligation. I am therefore for reversing the judgment, setting aside the verdict, and remanding the cause for further proceedings.
Tucker, P.
I am of opinion that this judgment is erroneous. It was decided in Daney &c. v. Prendergrass, 5 Barn. & Ald. 187. that a parol agreement to give time to the principal in a bond, is no defence at law to an action on the bond against the surety: and this decision was understood to be approved by the whole court in Steele v. Boyd, 6 Leigh 547. “ The ground,” said lord chief justice Abbott, “of my opinion is that general rule of the common law, which requires that the obligation created by an instrument under seal shall be discharged by an instrument of equal validity.” What amounts then to a discharge of a bond at law, is a good plea, but what falls short of operating a release or discharge of the whole bond, is not so. For the common law knows no distinction between principal and surety, in the action of debt on a bond; and hence a covenant not to sue the principal cannot be pleaded by the surety as a release; for the principle is laid down without .limitation, that a covenant not to sue one of two obligors is not to be pleaded as a release, by the other. 8 T. R. 168. 6 Munf. 9. A release indeed to one is a release to all, for it discharges the obligation; and whatever operates as a release must discharge all, in the case of a joint bond, for the judgment must be joint against all, or there must be judgment for all the defendants. The very judgment here is a proof of the fallacy of the principle of permitting the sureties to plead *627 a separate release; for the effect is that the judgment is entered in favour of the principal also; and necessarily .indeed, according to the common law, as a release to one is a release to all.
In this case it is not pretended that the supplemental paper is a release of the principal. It cannot then, at law, release the surety. If it were a complete bond for the whole sum, it would not discharge the first bond, since one bond cannot be pleaded in bar of another, even though to the last bond there are sureties. Per Pratt, C. J. in 1 Strange 426. citing 2 Roll. Abr. 470. 1 Brownl. 47. 71 M’Guire v. Gadsby, 3 Call 237. Heathcote v. Crookshanks, 2 T. R. 28. Much less can this discharge, the former, as it is nothing more than a promise to pay interest nine months earlier than the first bond required. Nor was it part of the former bond. It could not be that the bond of three obligors was altered by a second supplemental instrument executed by one. If the bond itself had been altered, it would have been a forgery; and i f, by this fiction of law, a separate bond written at the bottom of the first is part of the original bond, then this separate paper is a forgery. But can it be believed that this principle can be so applied, or that because the law construes an indorsement or subscription, made by the consent of the parties to an instrument, as part of the instrument, — as part of the agreement of the parties, — such a consent by one party shall make it part of the instrument as to all? Assuredly not. But admit it: and then this subscribed paper, being made part of the bond as to all by the assent of one, becomes the bond of the sureties as well as the principal, and so far from discharging them, binds them still further than they were bound before, unless it operates to avoid the bond altogether because of the alteration, in which case the principal himself would be dischaiged. To such incongruities are we led by the adoption of a false principle of law.
*628 The case of Miller v. Stewart, 9 Wheat. 680. I think was badly decided. But it does not apply; for there the bond was considered as referring to an antecedent deed of appointment, and the alteration of that deed was held to avoid the bond as to the sureties.
I am of opinion to reverse the judgment, set aside the verdict, and send the cause back, with directions to award a repleader; the plea of the defendants having been improperly received, as it offered no good bar to the action. '
Judgment reversed and cause remanded.